CHIEF JUSTICE TURNAGE,
dissenting.
I respectfully dissent.
District Judge Wilson has erred in misinterpreting the law, § 3-5-404, MCA, and has misinterpreted the evidence in this case.
From the record, it is clear that the Board of County Commissioners of Gallatin County has provided to Department 2 of the District Court, presided over by Judge Moran, suitable rooms to accommodate the needs of Department 2, including a jury room.
The problem arises because Judge Moran is determined he will not utilize the space provided by the County because it is located one floor above his chambers and courtroom. Under the facts of this case, the District Judge’s determination is not reasonable.
*48 The jury room complained of on the second floor of the court facility is admittedly not spacious. However, Judge Moran has determined that the jury room will be used by a court clerk who acts as a mediator in family court matters, as well as a hearing officer and clerk. The second floor jury room has become cluttered with a refrigerator, filing cabinets, computer equipment and other miscellaneous office material which, of course, further constricts a small jury room.
Section 3-5-404, MCA, provides only that the county commissioners provide suitable rooms which, of course, includes a jury room. The commissioners have provided such rooms one floor above the present jury room. The new jury room is equipped with bathroom facilities that satisfy the Americans With Disabilities Act unlike the present jury room on the second floor. In addition, next to the new jury room is a room for Judge Moran’s law clerk to use in mediation of family court matters and for other hearing officer needs, including space for office equipment. Further, the new space also provides storage areas for use by Department 2.
Judge Wilson’s order finds that the new jury room and space on the third floor of the justice building is not an adequate solution. This finding is an incorrect interpretation of the law. There simply is no impairment of Department 2 court functions by having a jury use the new jury room on the third floor.
From the record it appears that it is not uncommon for district court jury rooms to be located on a floor other than the courtroom floor. In all probability, in a majority of all fifty-six courthouses in Montana, courtrooms and jury rooms are located on different floors.
One must pause to consider why, in the one hundred years § 3-5-404, MCA, has been in existence, Department 2 of the District Court of Gallatin County, for the first and only time, has forced a remodeling of a courthouse because of claimed unsuitable jury room space.
I agree with the majority opinion’s initial analysis of statutory construction which essentially is that this Court should not add or subtract words from a legislative act. I disagree, however, with the majority opinion marching forward to insert new language into the statute by adding the words “fit” and “appropriate”. The majority should stay with the word “suitable.”
Witnesses for the respondents testified that there was a security concern because of jurors being permitted to mingle with the members of the public in the courthouse. First, it should be noted that the respondent did not cite even one case of jury tampering as a result of such “mingling.” Jurors come into contact with the public during the *49 course of a trial except only when they are excused to deliberate their verdict. Except when they are sitting in the jury box, jurors go about their daily lives, come to the courthouse, go to lunch, return home in the evenings and are exposed to contact with the public. This is the way things have always been and will always continue to be. Jurors take an oath of office not to let anyone contact them and not to contact anyone concerning the case they are sitting on. It is unfair to assume that our juror citizens would violate their oaths of office in any manner. Insofar as members of the public approaching jurors about the case in the courthouse, such felonious tampering, as a practical matter, simply has not been a problem in Montana’s courthouses.
It also bears mentioning that the majority opinion’s recitation that “several individuals” who previously had served as jurors for Department 2 testified regarding the inadequacy of the second floor jury room is a stretching of the record. Only two jurors, who apparently served on the same case and deliberated only two hours, testified they thought the jury room was too crowded. However, they apparently were able to reach a verdict.
This case will, unfortunately, provide a very unsatisfactory and unneeded precedent and a background of conflict for potential troubles between boards of county commissioners and district cotut judges. Section 3-5-404, MCA, was never intended to allow a subjective order for remodeling, such as was handed down by the district judge in this case.
I would reverse the order of District Judge Wilson and vacate the order to provide facilities of District Judge Moran.
JUSTICE ERDMANN, dissenting:
I join in the dissent of Chief Justice Turnage.